851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
William J. QUARLES, Appellant.
 No. 87-3075.
 United States Court of Appeals, District of Columbia Circuit.
 May 2, 1988.
 
 Before EDWARDS, SILBERMAN and DAVIS,* Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel for the parties. The court is satisfied, after reviewing the issues presented in light of the record, that disposition of the appeal does not warrant a published opinion. See D.C.Cir.R. 14(c). After reviewing the record and considering the parties' presentations, we find no fault with the district court's disposition of appellant's claim that count 5 should have been dismissed under the Speedy Trial Act and that a missing witness instruction should have been given. For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by this court that the judgment of the district court is affirmed. It is
 
 
 3
 FURTHER ORDERED by this court, sua sponte, that the clerk withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15 (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 Memorandum
 
 4
 Appellant was charged with and convicted in the district court of a number of local (District of Columbia) offenses and a federal offense. On this appeal he raises only two alleged errors.
 
 
 5
 One is the district court's rejection of his motion that count 5 should be dismissed because of a violation of the Speedy Trial Act. That count, on which he was convicted, charged him with having violated 18 U.S.C. Sec. 1202(a)(1) by knowingly receiving, possessing and transporting in commerce and affecting commerce a pistol, after having been convicted by the Superior Court for the District of Columbia of armed robbery, a felony. The basis of Quarles' appeal is that he was first arrested on September 22, 1986 for a local D.C. offense, but not indicted in the district court on federal count 5 until January 8, 1987--108 days later--well after the 30-day limit for filing an indictment or information under 18 U.S.C. Sec. 3161(b) of the Speedy Trial Act. The first answer is that the arrest of September 22, 1986 and that complaint were solely on a local District of Columbia charge, and the Speedy Trial Act (18 U.S.C. Sec. 3162(a)(1)) provides only for dismissal of a charge contained in the original complaint; that would not include count 5 in this case. Moreover, United States v. Robertson, 810 F.2d 254, 255-58 (D.C.Cir.1987), held that, where the accused is first arrested on a District of Columbia charge (triable in the Superior Court) the statutory speedy trial time-clock does not begin to run until his indictment on the federal charge on which he has been tried in district court and convicted. That ruling is squarely in point here--Quarles was not charged in the original Superior Court complaint with unlawful possession of a pistol and not federally indicted on that count until January 8, 1987, and tried within the statutory time limit. He attempts to distinguish Robertson on the ground that there the defendant was prosecuted in Superior Court on the original local charge, while here the whole case was prosecuted in the district court (including the local charges). But the Robertson court expressly said that the continued prosecution of the local charge in the local court was "not relevant" (810 F.2d at 255) and it is plain that appellant's supposed distinction directly conflicts with the theory and reasoning of the Robertson opinion. In addition, the evidence does not show (as appellant argues) that the Government had conclusively decided, shortly after the arrest on September 22, 1986, to add a federal charge and pursue the entire case in federal court (if such a purpose would make a difference).
 
 
 6
 The other of appellant's points is that the trial court refused to give a "missing witness" instruction, requested by the defense, as to Larry Rawles. Rawles is said to have been nearby when Quarles was charged with assaulting Anthony Beaven, and could have testified as to the circumstances of that alleged assault. The record shows that Rawles had no "special relationship" with the Government, and the trial court found him not "peculiarly available" to the prosecution. We cannot say that in the circumstances this determination was erroneous or an abuse of discretion.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. Sec. 291(a) (1982)